DOROTHEA SATHER, Administratrix, *vs.* NELS J. NESS.

November 1, 1890.

**Master and Servant—Negligence.**—Evidence *held* to sustain the verdict.

Action brought in the district court for Ramsey county, by plaintiff, as administratrix of Ole Andreas Sather, to recover damages for defendant's negligence causing the death of her intestate. Defendant was working a stone quarry, and plaintiff, with other employes, was using a derrick, furnished by defendant, to raise a stone from its bed, when the guys broke, and the derrick fell upon Sather, causing his death. The defence was that the guys were sufficient to hold

the derrick in its proper use, but that the employes were improperly using it in trying to lift a stone that was fast to its bed. The plaintiff contended that the guy broke while the employes were trying to ascertain, by use of the derrick, whether the stone had been loosened at the bottom so that it could be raised, and that this was a customary and proper use. After the decision of the former appeal, (42 Minn. 379,) the action was tried before *Kerr*, J., and a struck jury, and plaintiff had a verdict of $3,000. The defendant appeals from an order refusing a new trial.

*John B. & W. H. Sanborn*, for appellant.

*Lawler & Durment*, for respondent.

GILFILLAN, C. J. This case was here at the October term, 1889, and was sent back for a new trial, the decision being reported in 42 Minn. 379, (44 N. W. Rep. 128.) The case made upon the new trial is not essentially different from that on the former trial. The new trial was ordered because, on the former trial, there was evidence tending to prove that in the business of quarrying stone with a derrick, it is customary, when a stone is apparently loosened from its bed, to apply the derrick power to ascertain if it is in fact loose, and we held that, if such were a customary use of a derrick, the master should furnish one strong enough to answer that use. Upon the last trial, the evidence that such was a proper use of a derrick was as full as on the former trial. It is true the defendant testified that he had instructed the men working in the quarry not to hook on to anything too big, or anything fast. But, taken altogether, his evidence was not so precise and definite that the jury were obliged to understand it as prohibiting the use of the derrick as deceased and those working with him were using it, to wit, in applying its power to a stone which, though it was in fact fast, they believed to be loose. The charge of the court was full, and accurately stated the rules of law applicable to the case, and covered the points presented by the defendant's requests, and it was not necessary for it to repeat its statements of the law by giving those requests. We do not see any error in the rulings of the court upon questions of evidence, nor in the instruction it gave at the request of the plaintiff.

Order affirmed.